JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANITA LEAKEY, an individual, on her own behalf and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRADLEY/GROMBACHER, LLP. Tel.: (805) 270-7100; Fax: (805) 270-7589
2815 Townsgate Rd., Suite 130, Westlake Village, CA 91361
Marcus J. Bradley, Esq. mbradley@bradleygrombacher.com
Kiley L. Grombacher, Esq. kgrombacher@bradleygrombacher.com
Taylor L. Emerson, Esq. temerson@bradleygrombacher.com

## DEFENDANTS

ASCENA RETAIL GROUP, INC., a Delaware corporation; LANE BRYANT, INC., a Delaware corporation

County of Residence of First Listed Defendant     Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

DAVIS & BRUSCA
Michael Brusca, Esq. mbrusca@dbtriallawyers.com
300 Carnegie Center Drive Suite 150
Princeton, NJ 08540
Telephone: (609) 786-2540

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❏ 2 Removed from State Court
❏ 3 Remanded from Appellate Court
❏ 4 Reinstated or Reopened
❏ 5 Transferred from Another District *(specify)*
❏ 6 Multidistrict Litigation - Transfer
❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC § 1332   and 29 USC § 201

Brief description of cause:
Fair Labor and Wage an Hour Depute

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
20 million

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE 7/16/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | |
|---|---|
| ANITA LEAKEY, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>v.<br><br>ASCENA RETAIL GROUP, INC., a Delaware corporation; LANE BRYANT, INC., a Delaware corporation,<br><br>             Defendants. | **CIVIL CLASS ACTION:**<br><br>**CASE NO.** _____<br><br>**COLLECTIVE AND CLASS   ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
**BRADLEY/GROMBACHER, LLP**
2815 Townsgate Rd., Suite 130
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com
**PENDING PRO HAC VICE**

Michael Brusca, Esq.
**DAVIS & BRUSCA**
300 Carnegie Center Drive Suite 150
Princeton, NJ 08640
Telephone: (609) 786-2540
mbrusca@dbtriallawyers.com

**COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**
**(1) Failure to Pay All Wages and Overtime Compensation in Violation of the**
**Fair Labor Standards Act; and (2) New Jersey State Wage and Hour Law**

All allegations in this Collective and Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Plaintiff ANITA LEAKEY's information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff ANITA LEAKEY ("Plaintiff" or "LEAKEY"), on behalf of herself and all others similarly situated, alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this lawsuit seeking recovery against Ascena Retail Group, Inc., and Lane Bryant, Inc. for Defendants' violation of the Fair Labor Standards Act 29 U.S.C. §201 et. seq. ("FLSA") and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et. seq. ("NJWHL").

2.      The FLSA Claim Class Period is three (3) years from the time of filing this class action to the date judgment is rendered herein.

3.      The New Jersey State Wage and Hour Claim Class Period is six (6) years from the time of filing this class action to the date judgment is rendered herein.

4.      Plaintiff and the members of the plaintiff classes seek relief and damages for Defendants' violations of the FLSA and NJWHL, including having Plaintiff and the members of the putative collective and class action to work in excess of forty (40) hours

2

per week, without providing overtime and minimum wage compensation as required by applicable federal and New Jersey state law.

5.     Plaintiff has initiated this action on behalf of herself and similarly situated employees to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a) and by 29 U.S.C. §216(b).  Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA"), which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution.

7.     The Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1332 and 1367.

8.     Venue is proper in the Newark Vicinage of the District of New Jersey because Defendant's ASCENA RETAIL GROUP, INC.'s headquarters are in this Vicinage, and because ASCENA RETAIL GROUP, INC is the parent company of Defendant, LANE BRYANT, INC., which also does business in New Jersey.

## THE PARTIES

9.     Plaintiff LEAKEY is over the age of eighteen and a resident of Conroe, Texas. Plaintiff alleges that she was employed full-time by Defendants as a Store Manager at a Lane Bryant retail store in Baytown, Texas from approximately April 2013 through August 2015.

10.     Defendant ASCENA RETAIL GROUP, INC., a Delaware corporation

("ASCENA") is a corporation organized under the laws of the State of Delaware and has its principal place of business at 933 MacArthur Blvd. in Mahwah, New Jersey 07430.

11.    Defendant ASCENA does business throughout the United States, including New Jersey, as a specialty retailer offering apparel, shoes, and accessories for woman under the "Ann Taylor", "LOFT", "Lou & Grey", "Lane Bryant", "Maurice's", "Dressbarn" and/or "Catherine's" brands, and for "tween" girls under the "Justice" brand.

12.    Defendant ASCENA is a retailer of women's and girl's clothing, accessories and shoes.  According to https://ascenaretailgroupinc.gcs-web.com/static-files/9d00107e-4344-41b8-b97c-5544ac4be31b (As of Date Searched: May 23, 2018), ASCENA is an American retailer comprising the brands: "Ann Taylor", "LOFT", "Maurice's", "Dressbarn", "Lane Bryant", "Catherine's" and "Justice".

  a.    Ann Taylor includes 322 specialty retail and outlet stores and ecommerce operations.

  b.    LOFT includes 678 specialty retail and outlet stores and ecommerce operations.

  c.    Maurice's includes 1,005 specialty retail and outlet stores and ecommerce operations offering plus-size fashion preferences.

  d.    Dressbarn includes 779 specialty retail and outlet stores and ecommerce operations offering moderate to better quality career, special occasion and causal fashion for working women.

  e.    Lane Bryant includes 764 specialty retail and outlet stores and ecommece operations.  Lane Bryant is a brand name in plus-size fashion.

f.  Catherine's includes 359 specialty retail stores and ecommerce operations, offering plus sizes and extended sizes.

g.  Justice includes 900 specialty retail and outlet stores and ecommerce operations.

13.  According to https://ascenaretailgroupinc.gcs-web.com/static-files/9d00107e-4344-41b8-b97c-5544ac4be31b (As of Date Searched: May 23, 2018):

a.  ASCENA stores are typically open seven days a week and most evenings and, as of July 29, 2017, they operated approximately 4,800 stores in the United States, Canada and Puerto Rico;

b.  Ann Taylor and LOFT have stores in 41 and 46 states, respectively, as well as the District of Columbia, Canada and Puerto Rico;

c.  In addition, LOFT has five international franchise stores;

d.  Justice has stores in 48 states and Canada as well as 87 international franchise stores

e.  Maurice's has stores in 45 states and Canada. Dressbarn has stores in 48 states and the District of Columbia;

f.  Lane Bryant and Catherine's have stores located in 47 and 44 states, respectively

14.  According to https://ascenaretailgroupinc.gcs-web.com/static-files/9d00107e-4344-41b8-b97c-5544ac4be31b (As of Date Searched: May 23, 2018), ASCENA has 4,800 stores and 64,000 Associates.

15.  Defendant LANE BRYANT, INC. a Delaware corporation ("LANE

BRYANT") is a corporation organized under the laws of the State of Delaware,

16.     Defendant, LANE BRYANT, does business throughout the United States as a specialty retailer offering apparel, shoes, and accessories for woman under the "Lane Bryant" brand.

17.     Upon information and belief, at all times relevant to this Complaint, the Defendants jointly employ individuals to perform labor services on behalf of the Defendants.

18.     Plaintiff alleges that the Defendant entities form a single integrated enterprise as they share (a) some functional interrelation of operations, (b) centralized control of labor relations, (c) common management, and (d) common ownership or financial control.

19.     Plaintiff further alleges that the Defendants constitute joint employers as they share (a) the power to hire and fire Plaintiff and other members of the putative class, (b) supervision and control of Plaintiffs and other technicians' work schedules or conditions of employment, (c) determination of the rates and methods of payment, and (d) maintenance of employment records.

20.     The members of the proposed classes are likewise current and former employees of Defendants, employed by Defendants within the United States during the Class Period as non-exempt employees.

21.     At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

22.     The members of the proposed class are likewise current and former

employees of Defendants, employed by Defendants within the United States during the class period as non-exempt employees.

## FACTUAL ALLEGATIONS

23.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

24.     Plaintiff alleges that she has been employed full-time by Defendants as a Store Manager at a Lane Bryant retail store in Baytown, Texas from approximately April 2013 through August 2015.

25.     Plaintiff was a salaried employee of Defendants from approximately April 2013 through late 2014.  She was then re-classified by Defendant as a full-time hourly non-exempt employee.

26.     Plaintiff alleges that neither she nor and member of the proposed Classes (defined below) received all overtime compensation for all hours worked over 40 hours in any given week.  Specifically, Plaintiff alleges that Defendants failed to pay for all time worked including:

      h.     **Closing Tasks:** Plaintiff contends that she and member of the proposed FLSA Collective Class were not compensated for "closing tasks" including (a) bag check for store employees at the end of each shift, and (c) performing required closing duties.  In addition, since employees were not permitted to remain in the store by themselves, both the Associate and Manger would have to remain on the premises until these tasks were completed.  Defendants, however, did not compensate Plaintiff and the

members of the Classes for such work.

i.   **Time Rounding:** Plaintiff alleges that Defendants did not compensate its hourly non-exempt employees for all the time that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work. Defendants' timekeeping system systematically shaved time off Plaintiff's actual time worked, by rounding her timestamps. The system had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours worked." Therefore, Plaintiff alleges that Defendants' illegally rounded or "shaved" minutes from their hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendants' illegal "shaving" of minutes per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all minutes of actual work every day worked in violation of the FLSA and State law. Defendants owe each of their hourly employees for the unpaid "shaved" minutes and/or illegally "rounded" minutes.

j.   **Unpaid Tasks:** Plaintiff alleges that Defendants required her and other employees to perform tasks that could not be completed in the allotted shift time, including scheduling, inventory, e-mails pertaining to the store operations and its employees, designing and sketching out floor plan layouts, and write-ups for employees. Accordingly, Plaintiff and other members of the Classes had to perform work for Defendants' direct benefit for which they were not compensated.

27.   Plaintiff estimates she performed around 5 to 10 hours a week that she was

not paid for when she was a "non-exempt" employee. Plaintiff alleges that this estimate is typical of the amount of uncompensated time typically worked by the members of the Classes.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

29.     Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

> **FLSA Class:**
>
> **All persons who were, are, or will be employed as "non-exempt" employees by Defendant in the United States (excluding the non-exempt employees subject to a Collective Bargaining Agreement) within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**
>
> **("FLSA Class" or "FLSA Collective Class")**

30.     Plaintiff alleges that during the FLSA Class Period, she and members of the class are and were:

> a.     Individuals who resided in the United States of America;
>
> b.     Were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

c.  Worked more than 40 hours in any given week;

d.  Did not receive all overtime compensation for all hours worked over 40 hours in any given week;

e.  Did not receive compensation in compliance with minimum wage requirements;

f.  Worked regular hours for which they received no pay whatsoever;

g.  Are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

h.  Have signed a consent to sue that shall have been filed in this Court.

31.  All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

32.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

33.  Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to New Jersey Wage Payment Law, N.J.S.A. §34:11-

4.1. The New Jersey Class which Plaintiff seeks to represent are composed of is defined as follows:

> **Rule 23 Class:**
>
> All employees who were or are employed by Defendants during the Class Period in New Jersey as "non-exempt employees" (excluding those non-exempt employees covered by a Collective Bargaining Agreement) from the time period running from six years prior to the filing of this complaint until the date of the FLSA Class Period. As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt.
> ("Rule 23 Class")

34. Plaintiff reserves the right to amend this definition as the case progresses.

35. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendants, Plaintiff is informed and believes that the class includes potentially hundreds of members.

36. Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

   a. Whether Defendants failed or refused to pay Plaintiff and the members of the

Rule 23 Class overtime wages for hours worked in excess of forty per week; and

b. Whether Defendants' refusal to pay such compensation is in violation of New Jersey state overtime protections, N.J.A.C. § 12:56-7.2; and

c. Whether Defendants failed or refused to pay Plaintiff and the members of the Rule 23 Class minimum wages for hours worked.

37. The claims of the named Plaintiff are typical of the claims of the members of the Rule 23 Class. Plaintiff and other Rule 23 Class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other Rule 23 Class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the Rule 23 Class.

38. Plaintiff is an adequate representative of the Rule 23 Class because she is a member of the class, and her interests do not conflict with the interests of the Rule 23 Class members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Rule 23 Members will fairly and adequately be protected by Plaintiff and her attorneys.

39. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Rule 23 Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds

of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

40.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the Federal Rule of Civil Procedure Rule 23 because:

a.     The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants, and

b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

/////
/////
/////

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Against Defendants on behalf of Plaintiff
and Proposed Members of the FLSA Class)**

41.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

42.     The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation.  (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

43.     Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked.  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

44.     Plaintiff alleges that neither she nor and member of the proposed FLSA Collective Class received all overtime compensation for all hours worked over 40 hours in

any given week.

a.   **Closing Tasks:** Plaintiff contends that she and member of the proposed FLSA Collective Class were not compensated for "closing tasks" including (a) bag check for store employees at the end of each shift, and (b) performing required closing duties.  In addition, since employees were not permitted to remain in the store by themselves, both the Associate and Manger would have to remain on the premises until these tasks were completed.

b.   **Time Rounding:** Plaintiff alleges that Defendants did not compensate its hourly non-exempt employees for all the time that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work. Defendants' timekeeping system systematically shaved time off Plaintiff's actual time worked, by rounding her timestamps.  The system had a bias toward the employer, typically shaving minutes per day off of Plaintiff's "hours worked."  Therefore, Plaintiff alleges that Defendants' illegally rounded or "shaved" minutes from their hourly non-exempt employees' daily time worked at the beginning and end of their shift. Defendants' illegal "shaving" of minutes per day from each hourly employee's time worked and/or illegal "rounding" resulted in Defendants' failure to compensate each employee for all minutes of actual work every day worked in violation of the FLSA. Defendants

owe each of their hourly employees for the unpaid "shaved" minutes and/or illegally "rounded" minutes.

c.   **Unpaid Tasks:** Plaintiff alleges that Defendants required her and other employees to perform tasks that could not be completed in the allotted shift time, including scheduling, inventory, e-mails pertaining to the store operations and its employees, designing and sketching out floor plan layouts, and write-ups for employees. Accordingly, Plaintiff and other members of the FLSA Collective Class had to perform work for Defendants' direct benefit for which they were not compensated. Plaintiff estimates she performed around 5 to 10 hours a week that she was not paid for when she was a "non-exempt" employee.

45.   Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

a.   Whether Defendants' policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

b.   Whether Defendants' policies and practices were to write down the time worked by Plaintiff and collective employees;

c.   Whether Defendants' failed to include all remuneration in calculating the appropriate rates overtime and straight time;

d.   Whether Defendants' should be enjoined from continuing the practices which violate the FLSA; and

e.   Whether Defendants' are liable to the collective employees.

46.   The Cause of Action for the violations of the FLSA may be brought and

maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

47.     Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

48.     Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

49.     29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendants which violated the FLSA was willful.

50.     Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

51.     Plaintiff and collective employees were all paid to Defendants on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective

employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.

52. For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

53. Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

54. As a result of Defendants' failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

55. Plaintiff, therefore, demands that she and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any workweek for which she was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

56. As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Plaintiff Class have suffered damages.

/////

/////

/////

/////

## SECOND CAUSE OF ACTION
## NEW JERSEY WAGE PAYMENT LAW
### (New Jersey Statutes §§ 34:11-56a1 et. seq.)
### (Against Defendants on behalf of Plaintiff
### and Members of the Rule 23 Class Members)

57.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

58.     At all times relevant to this action, Plaintiff and the members of the Rule 23 class were employee and Defendants have been employers within the meaning of the NJWHL. See N.J. Stat. § 34:11-56a1 (g)-(h).

59.     The overtime-wage provisions of the NJWHL, N.J. Stat. § 34:11-56a4, and its supporting regulations, N.J.A.C. § 12:56-7.2, apply to Defendants' employment of Plaintiff and the members of the Rule 23 class.

60.     New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 defines "Employer" as "any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State. For the purposes of this act the officers of a corporation and any agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation."

61.     New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 defines "Employee" as "any person suffered or permitted to work by an employer, except that independent contractors and subcontractors shall not be considered employees."

62.     New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 defines "Wages" as "the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto."

63.     New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a4 entitled "**Minimum rate; overtime rate; exceptions**," provides, "Every employer shall pay to each of his employees wages at a rate of not less than $5.05 per hour as of April 1, 1992 and, after January 1, 1999 the federal minimum hourly wage rate set by section 6(a)(1) of the federal "Fair Labor Standards Act of 1938" (29 U.S.C. s.206(a)(1)), and, as of October 1, 2005, $6.15 per hour, and as of October 1, 2006, $7.15 per hour for 40 hours of working time in any week and 1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week, except this overtime rate shall not include any individual employed in a bona fide executive, administrative, or professional capacity or, if an applicable wage order has been issued by the commissioner under section 17 (C.34:11-56a16) of this act, not less than the wages prescribed in said order…"

64.     Defendants' aforementioned conduct is in violation of the NJWHL.  In violation of New Jersey Statutes §§ 34:11-56a4 et. seq., the Defendants willfully failed to pay the Plaintiff and other members of the Rule 23 Class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.  As a direct result, Defendants willfully failed to pay the Plaintiff and other members of the Rule 23 Class their statutorily required minimum wage compensation for

the time they worked due to Defendants failure to properly compensate employees the required overtime compensation thereby diluting down the hourly compensation to less than the minimum wage allowed in New Jersey.

65.     New Jersey Wage Payment Law, N.J.S.A. 34:11-4.10 provides that, "Any employer who knowingly and willfully violates any provision of P.L.1965, c. 173 (34:11-4.1 et seq.) shall be guilty of a disorderly persons offense and, upon conviction for a violation, shall be punished by a fine of not less than $100 nor more than $1,000. Each day during which any violation of this act continues shall constitute a separate and distinct offense."

66.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost unpaid wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages. See N.J. Stat. §34:11-56a25.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the FLSA Class and Rule 23 Class, prays for judgment against Defendants as follows:

1.     For an order certifying the proposed classes;

2.     For nominal damages;

3.     For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

4.     For penalties as permitted by the FLSA, and the regulations, standards and

applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted;

5.     For an award to Plaintiff and the Rule 23 Class members actual damages for unpaid wages found due to Plaintiff and the members of the Rule 23 Class as provided by New Jersey Statutes §§ 34:11-56a4, and its implementing regulations, N.J.A.C. § 12:56-7.2.

5.     For interest as permitted by statute;

6.     For costs of suit and expenses incurred herein as permitted by statute;

7.     For attorney's fees as permitted by statute; and

8.     For all such other and further relief that the Court may deem just and proper.

DATED:   July 17 2018

DAVIS & BRUSCA

By: _____

    Michael Brusca, Esq.
    Attorneys for Plaintiff
    NJ Federal Bar ID: MAB9090

BRADLEY/GROMBACHER, LLP

By: _____

    Marcus J. Bradley, Esq.
    Co-Counsel for Plaintiff
    (Pending Pro Hac Vice)

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:   July 17, 2018

DAVIS & BRUSCA

By: _____

Michael Brusca, Esq.
Attorneys for Plaintiff
NJ Federal Bar ID: MAB9090


BRADLEY/GROMBACHER, LLP

By: _____

Marcus J. Bradley, Esq.
Co-Counsel for Plaintiff
(Pending Pro Hac Vice)

23